# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HOWARD RICH,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-1936-Orl-31DAB**

**CITY OF ORLANDO, MAYOR;**
**ORLANDO POLICE DEPT., CHIEF OF**
**POLICE; REP. W. ANDERSON; and REP.**
**B. ALMEIDA,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** December 2, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be dismissed, without prejudice.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th

Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal ,*556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). This plausibility requirement outlined by the Supreme Court "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e* "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private

right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

Here, although the Complaint is not entirely clear, it appears that Plaintiff, a white male with diabetes, is seeking damages for a battery he asserts he suffered incident to an alleged wrongful arrest. Plaintiff claims the police officers attacked him "with deadly force" and caused bodily injury, as well as "theft" of his personal property. While a cause of action is not clearly set forth, Plaintiff alleges that he was "beaten with deadly force for being a diabetic;" and the attack constitutes "handicap discrimination;" racial discrimination; "homelessness discrimination;" religious persecution; and sex discrimination, among other things. Plaintiff asserts that the attack resulted in various physical and mental injuries, as well as loss due to the "armed robbery by defendants." (Doc. No. 1). Plaintiff seeks various forms of relief, including monetary compensation, a public apology, the bringing of criminal charges against Defendants, and the erection of a monument listing the City as "the City that hates the homeless the most." *Id.*

Construed liberally, Plaintiff has failed to state a plausible cause of action to satisfy the pleading standard. Initially, the Court notes that Plaintiff has failed to adequately identify his cause or causes of action. Plaintiff's Complaint is drawn so broadly that it is not clear whether he is attempting to plead state law claims for assault and battery, civil theft, false arrest or some other state law action against these non-diverse Defendants, or federal claims for the alleged "discrimination," or both. By lumping together all of his alleged "violations" and "discriminations" in undifferentiated fashion, Plaintiff runs afoul of Rule 10(b), Fed.R.Civ.P., which generally requires that each claim be stated in a separate count. *See Ford v. Central Loan Admin.*, Case No. 11-0017-WS-C, 2011 WL 4702912, *8 (S.D. Ala., October 5, 2011) ("A federal litigant cannot simply recite in her Complaint every statute or common-law claim she can think of, and leave it the opposing party and the courts

to figure out months or years down the road what nexus (if any) those bare labels have to the facts and circumstances of the case.")

Even if the allegations were not lumped together inappropriately, the Complaint, construed liberally, fails to state a cognizable action. Assuming Plaintiff is attempting to plead a federal cause of action for discrimination, 42 U.S.C. § 1983 appears to provide the basis for a claim. To establish a cause of action under Section 1983, a plaintiff must demonstrate "a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). The Court presumes that Plaintiff is relying on the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution to the extent he is asserting discrimination due to his race or other protected status, and a liberty interest protected by the Due Process Clause with respect to the alleged battery/false arrest.[1] Assuming that is the case, while Plaintiff asserts that he was beaten by police (presumably state actors) due to his race, handicap, homelessness,[2] religion and gender, he fails to plead any *facts* to support these bare conclusions sufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 566.[3]

As the Complaint does not meet the pleading standard, it should be dismissed.

---

[1] "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir.1996) (citation omitted). However, "[t]he existence of probable cause at the time of the arrest constitutes an absolute bar to a section 1983 action for false arrest." *Kingsland v. City of Miami,* 382 F.3d 1220, 1226 (11th Cir.2004). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.Ed.2d 549, 577 (2001). It is not clear here if Plaintiff is attempting to plead a claim for false arrest, or a claim for assault pursuant to the arrest.

[2] There is no showing that homelessness is a protected class, but the Court need not address that here.

[3] Moreover, Plaintiff has not articulated a cognizable basis of liability with respect to the City.

Although the Complaint is insufficient to allow pauper status, it is possible that it can be amended to cure the deficiencies noted herein. It is therefore **respectfully recommended** that the motion be **denied, without prejudice,** and the Complaint be **dismissed**, **without prejudice** to the filing of an Amended Complaint which states a viable cause of action, and either payment of the filing fee or the filing of a completed Affidavit for pauper status, both within 14 days of any Order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 14, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy